FILED

2021 Dec-21  PM 02:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| PRO-BUILT DEVELOPMENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 7-21-cv-01477-GMB |
| | ) | |
| v. | ) | **OPPOSED** |
| | ) | **ORAL ARGMENT REQUESTED** |
| DELTA OIL SERVICES, INC., | ) | |
| AND BURGESS EQUIPMENT | ) | |
| REPAIR, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## BURGESS EQUIPMENT REPAIR, LLC'S
## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Burgess Equipment Repair, LLC. ("Burgess") respectfully moves this Court to dismiss plaintiff's Complaint against Burgess for failure to state a claim upon which relief can be granted.  Because the Plaintiff's allegations concern wholly past conduct, Plaintiff lacks standing to bring this action under the Clean Water Act, section 505, 33 U.S.C. § 1365 and this Court lacks jurisdiction to adjudicate claims under the Clean Water Act.

## I.  INTRODUCTION

On November 4, 2021, Plaintiff Pro-Built Development ("Plaintiff") filed suit against Burgess and co-defendant Delta Oil Services, Inc., invoking this Court's

federal question jurisdiction under the citizen suit provisions of the Clean Water Act, section 505, 33 U.S.C. § 1365.  (*See* Complaint, Exhibit "A" ¶ 1).  Plaintiff does not allege that diversity exists between the parties, nor does plaintiff allege that the amount in controversy requirement for diversity jurisdiction is satisfied.

This is a property damage case arising from alleged chemical contamination. Plaintiff alleges that it owns "more than 20 acres located directly behind Burgess Equipment Repair, LLC …" and that Plaintiff's property "has suffered and will continue to suffer loss in value…" resulting from alleged "chemical contamination" of the Burgess property.  (*See* Complaint, Exhibit "A", ¶¶ 7, 9, 12, 14 and 15). Plaintiff has asserted state law claims for Trespass and Nuisance, Negligence/Wantonness in addition to claims under the federal Clean Water Act. (*See* Complaint, Exhibit "A"; Counts I – IX).

With respect to the Clean Water Act, nowhere in the Complaint does plaintiff allege that Burgess is continuing to violate the Clean Water Act nor does Plaintiff identify a point source for any alleged past discharges of pollutants.  Plaintiff simply alleges that, the Burgess property has been a site where "…chemicals have been spilled or dumped in the past…", including as far back as 2014. (*See* Complaint, Exhibit "A"; ¶¶ 11-13).

## II.  <u>STATEMENT OF FACTS</u>

1.     Since 2003, Plaintiff has owned land located "…directly behind…" the land owned by Burgess near 3325 Mitt Lary Road in Northport, Alabama.  (*See* Complaint, Exhibit "A", ¶¶ 7-8).

2.     Burgess operates its equipment repair business on the property located at 3325 Mitt Lary Road and Plaintiff alleges that Burgess leases and/or rents part of its premises to co-defendant Delta Oil Services and that Delta Oil Services has operated on the Burgess property "… for several years." *Id.* at ¶¶ 9-10.   Plaintiff alleges that defendant Delta Oil Services is "…an oil, gas, solvent and/or chemical disposal company." *Id.*

3.     Plaintiff claims that there have been complaints by others in the past about odors and the appearance of petroleum sludge and that investigations by regulatory authorities have confirmed that the Burgess property "… is the site of the chemical contamination."   *Id.* at ¶¶ 11-12.  The Complaint omits the dates and/or time frame of these complaints as well as omitting the dates and/or time frames that regulatory authorities "… confirmed that Burgess is the location of the chemical contamination." *Id.*   The Complaint does however make refence to a prior 2014 ADEM investigation and prior remediation and corrective measures. *Id.* at 13.

4.     On Monday, April 19, 2021, Spectrum Environmental Services, Inc., ("Spectrum") was hired by Burgess to respond to and evaluate a release from the

Burgess property at issue.  (*See* Spectrum Response Action Report, June 23, 2021, Exhibit "B"; p. 3).  Thereafter, under the direction of ADEM and in consultation with the Environmental Protection Agency ("EPA"), Spectrum implemented and performed Emergency Response Actions which included containment activities, pre and post clean up sampling of soil, groundwater, surface water and sediment and the removal of all impacted soils from the area at issue for disposal offsite at ADEM permitted landfills.  *Id.* at pp. 3-7.

5.     After completing the clean-up, Spectrum performed additional sampling "… to determine if any chemical concentrations remained present in soil, groundwater, surface water, or stream sediments."  *Id.* at p. 8.  In its June 23, 2021, Response Action Report, Spectrum confirmed that all soil samples, groundwater samples, sediment samples and surface water samples taken on April 28 and 29, 2021 "… reported Chemical of Concern (COC) concentrations below the EPA Regional Screening Level (RSL) for residential soils."  *Id.* at pp. 8-11.  Spectrum's site activities were completed by May 24, 2021.  *Id.* at p. 12.

6.     Spectrum's sampling data was reported to ADEM via email on May 7, 2021, and Spectrum requested confirmation that ADEM deemed the clean up action to be complete.  (*See* May 7, 2021, email from Spectrum to ADEM; Exhibit "C").

7.     In response, on May 10, 2021, Paul Rogers from ADEM confirmed that all parameters measured are below action levels and that Burgess and Spectrum

could move forward and "…backfill the excavation with clean soil as necessary and stabilize the site which will end our emergency response." (*See* May 10, 2021, email from ADEM to Spectrum; Exhibit "D").

8.    Thereafter, CDG Engineers & Associates, Inc., (CDG) oversaw site stabilization activities. (*See* Report of Site Stabilization Activities, Exhibit "E"). Following the completion of the Spectrum site remediation in May of 2021, CDG oversaw the replacement of soils consisting of "… ten (10) dump truck loads of low permeability clay in the formerly impacted area that was previously excavated." On June 30, 2021, this new soil was compacted and "…graded to ensure that stormwater runoff from the Burgess facility would not flow through the previously impacted area." *Id.* at p. 1.   On July 1, 2021, the area was seeded with grass.   *Id.* at p. 2.

## III.  LEGAL ARGUMENT

The Plaintiff's Complaint is due to be dismissed because this Court lacks jurisdiction over Plaintiff's claims under the citizen suit provision of the Clean Water Act ("CWA") where all claims arise from wholly past conduct.   In addition, the Complaint fails to assert a claim under the CWA where Plaintiff has failed to allege that pollutants were discharged to Waters of the United States by way of a point source.

A.    THE CLEAN WATER ACT ("CWA")

In order to establish a CWA violation, Plaintiff must first allege and thereafter prove that (1) there has been a discharge; (2) of a pollutant; (3) into the waters of the United State (4) from a point source; (5) without a NPDES permit." *See Parker v. Scrap Metal Processors, Inc*., 386 F.3d 993, 1008 (11th Cir. 2004).  In addition, Plaintiff must also allege and prove that the violation giving rise to the CWA claim is ongoing and continuous because the CWA does not allow citizen suits based on allegations of wholly past violations.   A citizen suit can only be based on "…a state of either continuous or intermittent violation – that is, a reasonable likelihood that a past polluter will continue to pollute in the future." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc*., 484 U.S. 49, 57 (1987).

To demonstrate standing to assert a CWA claim, Plaintiff has the burden of pleading facts sufficient to show (1) an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the defendant's action; and (3) it is likely that the injury will be redressed by a favorable decision.  *Friends of the Earth, Inc. v. Laidlaw Enviro. Servs*., 528 U.S. 167, 180-181 (2000); *Black Warrior Riverkeeper, Inc. v. U.S. Corps of Eng'rs*, 781 F.3d 1271, 1278-80 (11th Cir.2015).  A plaintiff shows redressability by "alleg[ing] a continuing violation or the imminence of a future violation" of the CWA.  *Steel Co. v. Citizens for a Better Env't*., 523 U.S. 83 (1998).

### B.      NO ALLEGATION OF ONGOING VIOLATION

In the present case, there is no allegation in the Complaint that Burgess is committing an ongoing or continuous violation of the CWA.  Instead, Plaintiff's claims arise from single event that has since been remediated, the leak of waste petroleum from a tanker truck owned by defendant Delta Oil Services that had been parked on the rear of the Burgess property.   (*See* Report of Site Stabilization Activities, Exhibit "E," p. 1).  The spilled waste petroleum has been remediated and cleaned up by contractors under ADEM direction and pursuant to ADEM oversight and the Delta Oil Services tanker trucks are no longer parked on the Burgess premises.   (*See* Exhibits "B" – "E").  Because this was a one-time event which has been corrected and the site and chemical contamination remediated to the satisfaction of ADEM, the waste petroleum spill cannot serve as the basis for a CWA citizen suit.

The Supreme Court's holding in *Gwaltney, supra* is dispositive of Plaintiff's CWA claims in the present case.  In *Gwaltney*, a CWA citizen suit was filed arising from allegations that the defendant had violated its NPDES permit by discharging pollutants in amounts that exceeded the defendant's permitted limits.  *Id*. at 52.  However, it was undisputed that by the time that the plaintiff filed its citizen suit for the CWA violations that the defendant had rectified the violations by installing new treatment equipment that alleviated the unlawful discharges.  *Id* at 53 – 54.  In

dismissing the CWA claim, the Supreme Court held that the CWA does not confer jurisdiction over citizen suits for "wholly past violations." *Id*. at 67. *See also Atlantic States Legal Foundation, Inc. v. Tyson Foods, Inc*., 897 F.2d 1128, 1135 (11th Cir. 1990)("the showing necessary to maintain a suit for civil penalties must go beyond mere allegations.  Plaintiffs must be able to prove that non-compliance was ongoing at the time they filed suit in order to be able to later maintain an action for civil penalties.").

In the present case, the Plaintiff has not alleged an ongoing or continuing violation in the Complaint, and it is clear from a plain reading of the Complaint that all claims asserted by Plaintiff arise from "wholly past" alleged violations.  Because the waste oil spill at issue was remediated and cleaned up, there can be no continuing violation upon which a citizen suit can be based in the present action.  Therefore, this Court lacks subject matter jurisdiction to consider Plaintiff's CWA claims and Plaintiff's Complaint is due to be dismissed.

## C.   <u>NO ALLEGATION OF A POINT SOURCE</u>

Even assuming, *arguendo*, this Court had jurisdiction to hear the plaintiff's CWA claim, this claim is still due to be dismissed.  The plaintiff's Complaint is deficient in that it fails to allege facts necessary to demonstrate a discharge occurred from a point source.  Here, the plaintiff simply alleges defendant Burgess Equipment owns property and "that chemicals have been spilled or dumped on the property."

(*See* Complaint, Exhibit "A" ¶¶ 9, 11).  From here the plaintiff concludes that these "chemicals/and or petroleum products" migrated "onto the Plaintiff's property, and into Carroll's Creek. . ." *Id*. at ¶ 25.

The plaintiff's Complaint does not address whether the alleged pollution from "chemicals/and or petroleum products" flowed from a point source.  It is undisputed that any alleged pollution which impacted the plaintiff was the result of stormwater run-off from the Burgess facility.  (*See* Report of Site Stabilization Activities, Exhibit "E" at p. 1). Without more, the plaintiff cannot show that this type of discharge is in fact a point source discharge into waters of the United States as required by governing CWA law.

For example, in the case of *Woods Knoll, LLC v. City of Lincoln, Ala.*, the court found that the district court committed no reversible error in determining the plaintiff failed to establish an actionable CWA claim because the plaintiff could not show that the stormwater run-off burdening his property emanated from a point source.  548 Fed. Appx. 577, 580 (11th Cir. 2013).  In reaching this determination, the Court acknowledged the pollution from stormwater which was allowed to run-off naturally was a non-point source.  *Id.* at 580 (citing *Ecological Rights Found. v. Pac. Gas & Elec. Co.* 713 F.3d 502, 508 (9th Cir.)(explaining that the critical inquiry is "whether [the stormwater] is allowed to run off naturally (and thus is a nonpoint

source) or is collected, channeled, and discharged through a system of ditches, culverts, channels, and similar conveyances (and is thus a point source discharge.”))

The plaintiff does not address the means by which any alleged pollution reached his property or Carroll's Creek.  Natural stormwater run-off does not constitute a point source under the CWA.  Given that the plaintiff cannot make the cursory showing requiring any alleged pollution occurred from a point source, the plaintiff's CWA claim is deficient on its face and due to be dismissed.

## IV.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Burgess Equipment Repair, LLC., respectfully requests that this Court grant it Motion to Dismiss and enter and Order dismissing Plaintiff's Complaint against defendant Burgess Equipment Repair, LLC.

Respectfully submitted,

Jeff Friedman (ASB-6868-N77J)
Lee Patterson (ASB-5482-E47P)
Jay Friedman (ASB-4804-Y57J)
Counsel for Defendant Burgess
Equipment Repair, LLC

**OF COUNSEL:**
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
jfriedman@friedman-lawyers.com
lpatterson@friedman-lawyers.com
jayfriedman@friedman-lawyers.com

10

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of December, 2021, a copy of the foregoing has been filed with the Clerk of Court and served upon all parties using the CM/ECF system.

J. Michael Comer
Patterson Comer Law Firm
303 Main Avenue, Suite A
Hisotric Downtown Northport
Northport, AL 35476
jmikecomer@yahoo.com
***Counsel for the Plaintiff***

_____
Of Counsel