IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| PRO-BUILT DEVELOPMENT, LLC, ) <br> ) <br> Plaintiff, ) <br> vs. ) Case No.: 7:21-cv-1477-RDP <br> ) <br> DELTA OIL SERVICES, INC., ) <br> AND BURGESS EQUIPMENT ) <br> REPAIR, LLC, ) <br> ) <br> Defendants. ) | |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Federal Rules of Civil Procedure, Rule 26(f), a conference was held on **February 9, 2022**, and was attended by Lee Patterson for Friedman Dazzio for the Defendant Burgess Equipment Repair, LLC and Mike Comer for Patterson Comer Law Firm for the Plaintiff, Pro-Built Development, LLC, and Jeffrey C. Smith for the Defendant Delta Oil Services, Inc.

## SYNOPSIS OF THE CASE

## PLAINTIFF'S POSITION

In or around April 2021, Defendants, through negligent and/or wanton conduct, discharged used oil, chemicals, and/or solvents directly into navigable waterways of the United States, including wetlands, Carroll Creek, and Lake Tuscaloosa. The pollutants were discharged onto Plaintiff's approximately 20 acres

property located off Mitt Lary Road, which contains wetlands and Carroll Creek. The Defendants discharged pollutants directly into navigable waters and wetlands of the United States without a permit, from a point source on Burgess Equipment property. The claims under the Clean Water Act are not for wholly past conduct. Due to their history of pollution discharges without a permit, Defendants are imminently likely to engage in future violations with unlawful discharges of pollutants at the property. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1988).

## DEFENDANTS' POSITIONS

Defendant Burgess Equipment and Repair admits that in or around April of 2021, there was a discharge of waste petroleum materials from a truck owned by Defendant Delta Oil Services which was parked on the Burgess property. Upon notice of the spill, Burgess took immediate action, and under oversite of the Alabama Department of Environmental Management, the spill was cleaned up and remediated by environmental engineering contractors. Burgess Equipment and Repair denies all claims and allegations that it was responsible for the discharge of waste petroleum materials from the Delta Oil Services truck and otherwise denies all claims for and allegations of damages to Plaintiff's property and demands strict proof thereof. Burgess denies that it violated any laws, rules or regulations and denies that Plaintiff is entitled to any recovery under the Clean Water Act or any other legal theory of recovery, as alleged.

Defendant Delta Oil Services, Inc. (Delta) denies that it is in anyway responsible for any allged spill or contamination on Plaintiff's property or waters under the jurisdiction of the United States. Delta alleges that if there is any such contamination or spill that it is the result of Burgess own operations or conduct. Delta further denies the Plaintiff is entitled to any relief or damages under the Clean Water Act or any other theory of recovery, as alleged.

## COMPLEXITY OF THE CASE

The parties agree that this is a complex case concerning alleged environmental and real property damages resulting from a petroleum spill which will likely necessitate the parties retaining multiple experts to testify with respect to alleged environmental damage, real property valuations, environmental clean-up, remediation and testing.

## PRE-DISCOVERY DISCLOSURES

By **Friday, March 4, 2022**, the Parties will exchange the information required by Fed. R. Civ. P. 26(a)(1).

## DISCOVERY PLAN

The Parties jointly propose to the Court the following discovery plan: Discovery will be needed on the following subjects:  Plaintiff's claims and damages and Defendant's defenses.

1. All discovery commenced in time to be completed by **Friday, January 13, 2023**.

2. Maximum of 30 interrogatories by each party to any other party. (Responses due 30 days after service.)

3. Maximum of 30 requests for admission by each party to any other party. (Responses due 30 days after service.)

4. Maximum of 10 depositions by plaintiffs and 10 by defendants.

    a. Each deposition limited to maximum of 6 hours unless extended by agreement of parties.

5. Expert reports of the parties Due from Plaintiff by **Wednesday, November 30, 2022** and from Defendant by **Friday, December 30, 2022**.

6. Supplementation under Rule 26(e) due within thirty (30) days of obtaining additional discoverable information.

## OTHER ITEMS

7. The Parties do not request a conference with the Court before entry of the Scheduling Order.

8. The Parties believe it is too early to evaluate the parties' interest in Alternative Dispute Resolution. The parties anticipate being able to evaluate the prospects and benefit of mediation after completing some

discovery, including the exchange of Plaintiff's expert reports on or before Wednesday, November 30, 2022.

8. The Parties request a pretrial conference in **March 2023**.

9. Plaintiff and Defendant should be allowed until **Thursday, June 30, 2022**, to join additional parties and to amend the pleadings.

10. All potentially dispositive motions should be filed by **Friday, February 24, 2023**.

11. Initial disclosures of all known witnesses and exhibits are due to be exchanged by the parties no later than **Monday, March 7th , 2022**.

12. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from the plaintiffs and defendants by no later than 30 days before trial. The parties shall have 14 days after service of final lists of witnesses and exhibits to file objections under Fed. R. Civ. P. 26(a)(3).

13. The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

14. The case should be ready for trial by **March 2023** and at this time is expected to take approximately three (3) days.

Done this 23rd day of February, 2022.

| | |
|---|---|
| /s/ *J. Michael Comer* (w-permission)<br>J. Michael Comer<br>Patterson Comer Law Firm<br>303 Main Avenue, Suite A<br>Historic Downtown Northport<br>Northport, AL 35476<br>jmikecomer@yahoo.com<br>**Counsel for Plaintiff Pro Built Development, LLC** | /s/ *Jeffrey C. Smith*  (w-permission)<br>Jeffrey C. Smith<br>Watson & Smith, LLC<br>1601 McFarland Blvd. North<br>Tuscaloosa, AL 35406<br>jeff@watsonsmithllc.com<br>**Counsel for Defendant Delta Oil Services, Inc.** |

 /s/  *Lee Patterson*
Jeff Friedman (ASB-6868-N77J)
Lee Patterson (ASB-5482-E47P)
FRIEDMAN, DAZZIO & ZULANAS, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
jfriedman@friedman-lawyers.com
lpatterson@friedman-lawyers.com
**Counsel for Defendant Burgess Equipment Repair, LLC**