UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| PRO-BUILT DEVELOPMENT, LLC, | } |
| Plaintiff, | } |
| v. | } Case No.: 7:21-CV-01477-RDP |
| DELTA OIL SERVICESM INC., BURGESS EQUIPMENT REPAIR, LLC, | } |
| Defendants. | } |

## MEMORANDUM OPINION

This matter is before the court on Defendant Burgess Equipment Repair, LLC's Motion to Dismiss. (Doc. # 16). The motion is fully briefed (Docs. # 16, 20) and ripe for decision. For the reasons discussed below, the motion (Doc. # 16) is due to be denied.

### I. Background

Plaintiff Pro-Built Development, LLC operates in Tuscaloosa County, Alabama. (Doc. #14 at 1). Defendant Burgess Equipment Repair, LLC owns land upstream from Plaintiff, and it leases a portion of that land to Defendant Delta Oil Services, Inc. (*Id.* at 2, 5). The land is used by Delta Oil to park tanker trucks overnight. (*Id.*). Burgess Equipment's business includes storing petroleum products in the form of used oil. (*Id.* at 2). Delta Oil is an oil, gas, solvent, and chemical disposal company. (*Id.*).

Plaintiff alleges that the Alabama Department of Environmental Management ("ADEM") investigated Burgess Equipment's property in 2014 and 2020, noting several areas of noncompliance (*e.g.*, a 250-gallon tote containing used oil was not properly marked and there were visible oil stains on the ground). (*Id.* at 2-4). Plaintiff also alleges that, in May 2021, ADEM reported that a release of oil was discovered at Burgess Equipment's land the previous month. (*Id.*

at 5). Plaintiff contends that ADEM conducted a site visit of Burgess Equipment's property and found Spectrum Industrial Services in the process of removing the impacted soil. (*Id.*). Plaintiff further alleges that, in conjunction with Tuscaloosa County Emergency Management Agency and Northport Fire Department, ADEM investigators discovered a nearby area of wetlands saturated with petroleum products that were leaking into a tributary of Carrol Creek, which empties into Lake Tuscaloosa. (*Id.* at 6, 7). The investigators noted that the point source of the spill appeared to be two Delta Oil tanker trucks parked on Burgess Equipment's property. (*Id.*).

On November 4, 2021, Plaintiff filed this action alleging a violation of the Clean Water Act (along with state-law tort claims) against Delta Oil and Burgess Equipment. (Docs. # 1, 14). Burgess Equipment responded by filing a motion to dismiss arguing that (1) Plaintiff had not alleged a point source and (2) that Plaintiff's allegations were predicated on wholly past conduct. (Doc. # 4 at 5). On January 6, 2022, Plaintiff amended its compliant, adding allegations of a point source as well as continuous and ongoing violations of the Clean Water Act. (*See* Doc. # 14). Burgess Equipment filed a second motion to dismiss, which focused on the argument that Plaintiff lacks standing and the court lacks jurisdiction to adjudicate a Clean Water Act claim that concerns wholly past conduct. (Doc. # 16 at 1).

**II.   Standard of Review**

A motion to dismiss for lack of standing is brought under Federal Rule of Civil Procedure 12(b)(1). *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d 800, 807 n.8 (11th Cir. 1993). The jurisdiction of the federal court may be attacked facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). In a facial challenge, a court assumes the allegations in the complaint are true and determines whether the complaint sufficiently alleges a basis for subject-matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Factual attacks, on the other hand, "challenge the 'existence of subject

matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (citation omitted). Regardless of whether a challenge is facial or factual, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (quoting *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005)).

However, when a defendant's factual attack on subject matter jurisdiction implicates an element of the cause of action, "[t]he proper course of action . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Lawrence*, 919 F.2d at 1529 (quoting *Williamson v. Tucker* 645 F.2d 404, 415-16 (5th Cir. 1981). By refusing to treat an indirect attack on the merits as a Rule 12(b)(1) motion, the court affords "a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim" (*i.e.*, a Rule 12(b)(6) or Rule 56 challenge). *Id.* That is the case here. Accordingly, the court analyzes Burgess Equipment's motion under a Rule 12(b)(6) standard.

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlanta Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557.

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the "complaint must demonstrate 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that all the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

**III.   Analysis**

The Clean Water Act ("CWA") makes it unlawful to discharge any pollutant into navigable waters of the United States unless otherwise authorized by the Act. *See* 33 U.S.C. § 1311(a). To establish a CWA violation, a plaintiff must show that: "(1) there has been a discharge; (2) of a pollutant; (3) into waters of the United States; (4) from a point source; (5) without a NPDES permit." *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1008 (11th Cir. 2004). The CWA grants citizens the right to file a civil action:

> against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) *who is alleged to be in violation of* (A) an effluent standard or

4

> limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation.

33 U.S.C. § 1365(a) (emphasis added). This language indicates "that the harm sought to be addressed by the citizen suit [must] lie[] in the present or the future," rather than lying wholly in the past. *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484 US. 49, 59, 64 (1987). Thus, in order for a court to have subject-matter jurisdiction over a CWA citizen-suit, there is an additional element that must be alleged (and eventually established): there must be "a state of either continuous or intermittent violation—that is, a reasonable likelihood that a past polluter will continue to pollute in the future." *Gwaltney*, 484 US. at 57, 64 (1987).

As the Supreme Court noted, the conclusion that a citizen suit requires an ongoing violation is bolstered by the Act's notice requirement: "It follows logically that the purpose of notice to the alleged violator is to give it an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit." *Id.* at 59-60. Further, "the citizen suit is meant to supplement rather than to supplant government action." *Id.* at 60.

A defendant can move for summary judgment on standing if "the allegations [are] a sham and raise[] no genuine issue of fact." *Id.* at 66 (quoting *United States v. SCRAP*, 412 U.S. 669, 689 (1973)). The Eleventh Circuit clarified *Gwaltney*. At the Rule 56 stage, a plaintiff is required to present substantial evidence (that is, facts) of an ongoing CWA violation at the time they filed the lawsuit to be able to maintain an action for civil penalties. *Day, LLC v. Plantation Pipe Line Co.*, 315 F. Supp. 3d 1219, 1235-36 (N.D. Ala. 2018) (citing *Atlantic States Legal Foundation, Inc. v. Tyson Foods, Inc.*, 897 F.2d 1128, 1135 (11th Cir. 1990). As that rule applies here, Plaintiff must show that as of November 4, 2021 (the filing date of this action) there was an ongoing discharge from a point source controlled by Defendants or a reasonable likelihood of a future point source leak by Defendants. *See id.* at 1239. In addition to jurisdictional concerns, the mootness doctrine

will prevent a suit for injunctive relief if a defendant comes into compliance with the CWA after the filing of the complaint and "there is no reasonable likelihood that the wrongful behavior will recur." *Atlantic States Legal Found., Inc. v. Tyson Foods, Inc.*, 897 F.2d 1128, 1135 (11th Cir. 1990).

But here, we are at the pleadings stage. The court must apply Rule 12(b)(6). So, all that is required of Plaintiff is to show that the complaint contains a good-faith allegation of an ongoing violation that is well-pleaded in accordance with Rule 8.

Plaintiff does not dispute that its complaint includes wholly past conduct. (Doc. # 20 at 1). Rather, Plaintiff argues that it has sufficiently pleaded that Defendants are past polluters and that there is a reasonable likelihood that Defendants will continue to pollute in the future. (*Id.* at 2-5). At the Rule 12(b)(6) stage, Plaintiff has met its exceedingly light burden under *Gwaltney*: it has made a good-faith and adequate allegation that Defendants are past polluters and that there is a reasonable likelihood that Defendants will pollute again. To the extent there is actual "evidence" to the contrary, the court will deal with that under Rules 12(b)(1) and/or 56 at the appropriate time.

## IV.  Conclusion

Defendant Burgess Equipment's motion is due to be denied. A separate order in accordance with the memorandum opinion will be entered.

**DONE** and **ORDERED** this March 14, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE